IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ARTHUR JOHN GALLIGAR,**

              Plaintiff,                                 No. 2:12-cv-01891-PK

      v.                                      OPINION AND ORDER

**STEVE FRANKE et al.,**

              Defendants.

**MOSMAN, J.**,

      Pro se plaintiff Arthur John Galligar is an inmate with the Oregon Department of Corrections ("ODOC"). On October 19, 2012, Mr. Galligar filed a complaint [2] against several ODOC employees, in their individual and official capacities, pursuant to 42 U.S.C. § 1983. Mr. Galligar alleges his Eight and Fourteenth Amendment rights were violated when Defendants responded unreasonably to his requests to be transferred to a new cell to avoid a serious risk of harm posed by two other inmates. Am. Compl. [10] at 4–5. Defendants filed an unenumerated rule 12(b) motion to dismiss [35] arguing that Mr. Galligar failed to exhaust his nonjudicial remedies. Defendants also argue that Plaintiff's claims against Defendants Nooth, Hannon,

Franke, Reynolds, H. Demos, and Jackson should be dismissed because Plaintiff failed to plead sufficient facts to plausibly conclude that these Defendants were personally involved in any of the alleged violations of Plaintiff's constitutional rights. On July 29, 2014, Magistrate Judge Papak issued his Findings and Recommendation ("F&R") [65] recommending that a judgment be entered granting in part and denying in part Defendants' Motion to Dismiss. No objections were filed.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C). Upon review, I adopt in part and modify in part Judge Papak's F&R [65].

## I.    <u>Failure to Exhaust Nonjudicial Remedies</u>

Judge Papak begins his analysis by determining if Mr. Galligar has exhausted his nonjudicial remedies with respect to the eight altercations in the record that Mr. Galligar was involved in while incarcerated at Snake River Correctional Institution ("SRCI") and while

currently incarcerated at Two Rivers Correctional Institution ("TRCI"). Judge Papak concluded that Mr. Galligar failed to exhaust his nonjudicial remedies for all but two of those altercations, one occurring on November 13, 2011 and there other on November 4, 2012. I agree with these conclusions. Judge Papak them applied these conclusions to the two claims that he inferred from Mr. Galligar's complaint: (1) SRCI staff were deliberately indifferent to Mr. Galligar's safety, and he was injured as a result; and (2) TRCI staff were deliberately indifferent to Mr. Galligar's safety, and he was injured as a result. F&R [65] at 10. Instead of inferring two claims from Mr. Galligar's Amended Complaint, however, I believe that I should apply these factual conclusions to the three claims explicitly listed in Mr. Galligar's Amended Complaint. Am. Compl. [10] at 4–5.

Mr. Galligar's first claim is based on an altercation with Inmate Butts that occurred on September 23, 2011. I agree with Judge Papak's conclusion that Mr. Galligar failed to exhaust his nonjudicial remedies with respect to this altercation. The grievance regulations required Mr. Galligar to file a grievance no later than 30 days after the alleged incident. According to Mr. Galligar's Amended Complaint, Mr. Galligar was assaulted by Inmate Butts sometime between September 23, 2011 and October 23, 2011. Am. Compl. [10] at 4. Mr. Galligar failed to file a grievance relating to this incident until June 8, 2013, well after the 30 day window had expired. Hillmick Decl. [37] at 5; Taylor Decl. [38] at 4–5. Mr. Galligar's first claim should be dismissed with prejudice for failure to exhaust nonjudicial remedies.

Mr. Galligar's second claim is based on Mr. Hannon's alleged unresponsiveness to Mr. Galligar's September 25, 2011 letter. Am. Compl. [10] at 4–5. Mr. Galligar never filed a grievance with respect to Mr. Hannon's alleged unresponsiveness. To the extent that Mr. Galligar believes this unresponsiveness could be tied to the September 23, 2011 altercation with

Inmate Butts, this claim in foreclosed for the same reasons as claim one (i.e. Mr. Galligar failed to file a timely grievance). Hillmick Decl. [37] at 5; Taylor Decl. [38] at 4–5. To the extent that Mr. Galligar alleges that Mr. Hannon's unresponsiveness led to some other harm, this claim would still be foreclosed because Mr. Galligar failed to utilize the nonjudicial remedies available relating to this matter. Mr. Galligar's second claim is therefore dismissed with prejudice for failure to exhaust administrative remedies.

Mr. Galligar's final claim is based on two separate altercations, one that occurred on October 21, 2012 and the other on November 4, 2012. I agree with Judge Papak's reasoning and conclusion that the Mr. Galligar failed to exhaust his nonjudicial remedies with respect to the October 21, 2012 altercation, but did exhaust his nonjudicial remedies with respect to the November 4, 2012 altercation. F&R [65] at 13–14. Therefore, to the extent that Mr. Galligar seeks relief based on the October 21, 2012 altercation, his claim is dismissed with prejudice for failure to exhaust nonjudicial remedies. To the extent that Mr. Galligar seeks relief based on the November 4, 2012 altercation, Defendants' Motion to Dismiss is denied.

## II.    **Failure to Plead Sufficient Facts**

Judge Papak believed that Mr. Galligar's Amended Complaint was sufficiently vague and ambiguous that it would be premature to rule on Defendants' Motion to Dismiss the claims against defendants Nooth, Hannon, Franke, Reynolds, H. Demos, and Jackson for failure to allege sufficient facts. I respectfully disagree with this conclusion and therefore will decide this portion of Defendants' motion.

The court evaluates 12(b)(6) motions to dismiss under the standards summarized by Chief Judge Aiken of this court in Gambee v. Cornelius, No. 10–CV–6265–AA, 2011 WL 1311782 (D.Or. Apr.1, 2011) (Aiken, C.J.). Judge Aiken observed:

Under Fed.R.Civ.P. 12(b)(6), a complaint is construed in favor of the plaintiff, and its factual allegations are taken as true. *Daniels–Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir.2010). "[F]or a complaint to survive a motion to dismiss, the nonconclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. United States Secret Serv.*, 572 F.3d 962, 969 (9th Cir.2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 (2007). "[G]enerally the scope of review on a motion to dismiss for failure to state a claim is limited to the Complaint." *Daniels–Hall*, 629 F.3d at 998.

### A.    *Defendants Franke, Reynolds, H. Demos and Jackson*

Mr. Galligar fails to make any factual allegations or claims against defendants Franke, Reynolds, H. Demos and Jackson. Due to the lack of any factual allegations against these defendants, Mr. Galligar has failed to state a claim upon which relief can be granted and, therefore, I dismiss Mr. Galligar's claims against those defendants without prejudice.

### B.    *Defendants Nooth and Hannon*

Mr. Galligar names both Defendants Nooth and Hannon only once each in the first and second claims respectively. Both of those claims have been dismissed with prejudice for the reasons discussed above. To the extent that Mr. Galligar's remaining third claim may involve Defendants Nooth and Hannon despite not naming them, I find it appropriate to dismiss that claim without prejudice against Defendants Nooth and Hannon for failure to plead sufficient facts.

Defendants conceded that "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." Def.'s Mem. Of Supp. [36] at 13 (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). In order to state a claim for this type of Eighth Amendment violation, a plaintiff must show that: (1) plaintiff was incarcerated under conditions posing a

5 – OPINION AND ORDER

substantial risk of serious harm, and (2) defendant prison official acted with deliberate indifference. *See Farmer*, 511 U.S. at 834. As I previously instructed Mr. Galligar, it is not enough to merely allege that Defendants were deliberately indifferent to a serious risk of harm, but rather he needed to cite specifics act by the Defendants that supported those conclusions. Order [3] at 2–3. Mr. Galligar's complaint merely states that defendants Nooth and Hannon received communications from Mr. Galligar and that they did not grant the relief that he requested. Defendants Nooth and Hannon could have declined to grant Mr. Galligar's requested relief for one of any number of reasons other than deliberate indifference. They could have declined to move him because they had no safer place to put him, or because they determined his fears of future harm lacked a reliable factual basis, or perhaps they consulted with other prison officials who determined that there was no need to move Mr. Galligar to a new location. Mr. Galligar has not pled any facts that support a plausible conclusion that defendants Nooth and Hannon's inaction was motivated by deliberate indifference. Therefore, I dismiss the claims against defendants Nooth and Hannon without prejudice.

## CONCLUSION

For the foregoing reasons, I GRANT in part and DENY in part Defendants' Motion to Dismiss [35].

IT IS SO ORDERED.

DATED this __24th__ day of September, 2014.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Judge