IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**ARTHUR JOHN GALLIGAR,**

Plaintiff,

v.

**STEVEN FRANKE, et al.,**

Defendants.

No. 3:12-cv-01891-PK

OPINION AND ORDER

**MOSMAN, J.,**

On December 28, 2015, Magistrate Judge Papak issued his Findings and Recommendation (F&R) [130], recommending that Defendants' Motion for Summary Judgment [123] should be DENIED. Defendants objected [133] and Plaintiff filed a Response [135]. Upon review, I agree with Judge Papak's recommendation and I ADOPT the F&R as my own opinion.

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of

1 – OPINION AND ORDER

the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

In their objections to the F&R, Defendants raise the concern that Judge Papak did not address Plaintiff Galligar's lack of injuries in regard to his Eighth Amendment claim. It is true that the "Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force. . . ." *Wilkins v. Gaddy*, 559 U.S. 34, 37-38 (2010) (internal quotation marks omitted). However, Judge Papak clearly indicated in his PLRA analysis that Galligar's injuries were more than *de minimis*, noting that "[i]t is undisputed that Galligar suffered abrasions to his face and temple as a result of the altercation. The "Relief" section of Galligar's Third Amended Complaint seeks $125 'for property damage' in relation to the cost of his eye glasses that were damaged in the November 4, 2012 altercation and $25,000 for 'pain and injury.'" (F&R [130] at 10 (internal citations omitted).) This is enough to support Galligar's Eighth Amendment claim at this stage of the litigation.

Upon review, I agree with Judge Papak's recommendation and I ADOPT the F&R [130] as my own opinion.

IT IS SO ORDERED.

DATED this 24 day of February, 2016.

MICHAEL W. MOSMAN
Chief United States District Judge

2 – OPINION AND ORDER